FILED

DEC 0 9 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: 3-05-70967 EDL |
| Plaintiff, | ) | |
| v. | ) | ORDER DOCUMENTING WAIVER |
| MICHAEL RADER, | ) | |
| Defendant. | ) | |

With the agreement of the parties in open court on December 9, 2005, and with the consent of the defendant, the Court enters this order setting a preliminary hearing date on January 25, 2006 at 9:30 a.m. before the duty magistrate judge, extending time for the preliminary hearing under Federal Rule of Criminal Procedure 5.1, and extending the 30-day time period for indictment and excluding time under the Speedy Trial Act from December 9, 2005, to January 25, 2006. The parties agree, and the Court finds and holds, as follows:

1. Rader's first appearance in this case was on December 9, 2005. He was released on a personal recognizance bond. The complaint charges him with conspiracy to distribute or possess with the intent to distribute 3,4 methylenedioxymethamphetamine (MDMA) in violation of 21 U.S.C. § 846. It also charges him with a phone count in violation of 21 U.S.C. § 843(b). The case is related to a wiretap investigation that resulted in a 15-defendant indictment in case number CR 05 00491 VRW. The wiretap involves 30,000 intercepted calls and 8,000 pertinent

ORDER DOCUMENTING WAIVER (3-05-70967 EDL)

1 │ calls. About one-third of the pertinent calls are in Russian.   Time has been excluded in that case

2 │ based on the amount of discovery and defense counsel's need to effectively prepare the case.

3 │    2. Counsel for Rader wishes an opportunity to review the evidence to determine whether a

4 │ pre-charge disposition is appropriate. Only after evaluating the evidence will counsel be in a

5 │ position to evaluate what disposition is an appropriate one. He also believes it is his best interest

6 │ to negotiate the case pre-indictment, and he cannot do that without evaluating the evidence.

7 │    3.  Taking into the account the public interest in the prompt disposition of criminal cases,

8 │ these grounds are good cause for extending the time limits for a preliminary hearing under

9 │ Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for indictment

10 │ and excluding time under the Speedy Trial Act.  Failure to grant the continuance would deny

11 │ defense counsel the reasonable time necessary for effective preparation, taking into account the

12 │ exercise of due diligence.  18 U.S.C. § 3161(h)(8)(B)(iv).  The Court also finds that the ends of

13 │ justice served by excluding the period from December 9, 2005, to January 25, 2006 (B)

14 │ outweigh the best interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).

15 │    4. Accordingly, and with the consent of the defendant, the Court (1) sets a preliminary

16 │ hearing date before the duty magistrate judge on January 25, 2006 (B) at 9:30 a.m., and

17 │ (2) orders that the period from December 9, 2005, to January 25, 2006 (B) be excluded

18 │ from the time period for preliminary hearings under Federal Rule of Criminal Procedure 5.1 and

19 │ from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

20 │ STIPULATED:

21 │ DATED:___12/9/05____

22 │    LEWIS ROMERO
    │    Attorney for MICHAEL RADER

23 │

24 │ DATED:___12/9/05____

25 │    LAUREL BEELER
    │    Assistant United States Attorney

26 │ IT IS SO ORDERED.

27 │ DATED:___12/9/05____

    │    ELIZABETH D. LAPORTE
28 │    United States Magistrate Judge

ORDER DOCUMENTING WAIVER (3-05-70967 EDL)        2