1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) | No.: 3-05-70967 EDL (MEJ) |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER DOCUMENTING WAIVER |
| MICHAEL RADER, | ) | |
| Defendant. | ) | |

With the agreement of the parties, and with the consent of the defendant, the Court enters this order vacating the preliminary hearing date of April 19, 2006, setting a new preliminary hearing date on June 21, 2006, at 9:30 a.m. before the duty magistrate judge, extending the time for the preliminary hearing under Federal Rule of Criminal Procedure 5.1, and extending the 30-day time period for indictment and excluding time under the Speedy Trial Act from April 19, 2006 to June 21, 2006. The parties agree, and the Court finds and holds, as follows:

1. Rader has been released on a personal recognizance bond. The complaint charges him with conspiracy to distribute or possess with the intent to distribute 3,4 methylenedioxymethamphetamine (MDMA) in violation of 21 U.S.C. § 846. It also charges him with a phone count in violation of 21 U.S.C. § 843(b). The case is related to a wiretap investigation that resulted in a 15-defendant indictment in case number CR 05 00491 VRW. The wiretap involves 30,000 intercepted calls and 8,000 pertinent calls. About one-third of the

1  pertinent calls are in Russian.  Time has been excluded in that case based on the amount of
2  discovery and defense counsel's need to effectively prepare the case.
3     2. Counsel for Rader wishes an opportunity to review the evidence to determine whether a
4  pre-charge disposition is appropriate.  Only after evaluating the evidence will counsel be in a
5  position to evaluate what disposition is an appropriate one.  He also believes it is his best interest
6  to negotiate the case pre-indictment, and he cannot do that without evaluating the evidence.
7     3.  Taking into the account the public interest in the prompt disposition of criminal cases,
8  these grounds are good cause for extending the time limits for a preliminary hearing under
9  Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for indictment
10 and excluding time under the Speedy Trial Act.  Failure to grant the continuance would deny
11 defense counsel the reasonable time necessary for effective preparation, taking into account the
12 exercise of due diligence.  18 U.S.C. § 3161(h)(8)(B)(iv).  The Court also finds that the ends of
13 justice served by excluding the period from April 19, 2006 to June 21, 2006 outweigh the best
14 interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(A).
15    4. Accordingly, and with the consent of the defendant, the Court (1) vacates the April 19,
16 2006, preliminary hearing date and sets a preliminary hearing date before the duty magistrate
17 judge on June 21, 2006 at 9:30 a.m., and (2) orders that the period from April 19, 2006 to June
18 21, 2006 be excluded from the time period for preliminary hearings under Federal Rule of
19 Criminal Procedure 5.1 and from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A)
20 & (B)(iv).
21 STIPULATED:
22 DATED:_____
23                                                         LEWIS ROMERO
                                                           Attorney for MICHAEL RADER
24 DATED: 4/6/06
25                                                         LAUREL BEELER
                                                           Assistant United States Attorney
26 IT IS SO ORDERED.
27 DATED:_____
                                                           _____
28                                                         United States Magistrate Judge

1 | pertinent calls are in Russian. Time has been excluded in that case based on the amount of
2 | discovery and defense counsel's need to effectively prepare the case.
3 |     2. Counsel for Rader wishes an opportunity to review the evidence to determine whether a
4 | pre-charge disposition is appropriate. Only after evaluating the evidence will counsel be in a
5 | position to evaluate what disposition is an appropriate one. He also believes it is his best interest
6 | to negotiate the case pre-indictment, and he cannot do that without evaluating the evidence.
7 |     3. Taking into the account the public interest in the prompt disposition of criminal cases,
8 | these grounds are good cause for extending the time limits for a preliminary hearing under
9 | Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for indictment
10 | and excluding time under the Speedy Trial Act. Failure to grant the continuance would deny
11 | defense counsel the reasonable time necessary for effective preparation, taking into account the
12 | exercise of due diligence. 18 U.S.C. § 3161(h)(8)(B)(iv). The Court also finds that the ends of
13 | justice served by excluding the period from April 19, 2006 to June 21, 2006 outweigh the best
14 | interest of the public and the defendant in a speedy trial. Id. § 3161(h)(A).
15 |     4. Accordingly, and with the consent of the defendant, the Court (1) vacates the April 19,
16 | 2006, preliminary hearing date and sets a preliminary hearing date before the duty magistrate
17 | judge on June 21, 2006 at 9:30 a.m., and (2) orders that the period from April 19, 2006 to June
18 | 21, 2006 be excluded from the time period for preliminary hearings under Federal Rule of
19 | Criminal Procedure 5.1 and from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A)
20 | & (B)(iv).

STIPULATED:
DATED: 4/7/06

_____
LEWIS ROMERO
Attorney for MICHAEL RADER

DATED:_____

_____
LAUREL BEELER
Assistant United States Attorney

IT IS SO ORDERED.
DATED: 4/11/06

*IT IS SO ORDERED*
*Judge James Larson*

ORDER DOCUMENTING WAIVER (3-05-70967 EDL)

Apr. 7. 2006 3:17PM    LAW OFFICES    No.3548    P. 2
Reception Time Apr. 7. 2:29PM