1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: 3-05-70967 EDL |
| Plaintiff, | ) | |
| v. | ) | ORDER DOCUMENTING WAIVER |
| MICHAEL RADER, | ) | |
| Defendant. | ) | |

With the agreement of the parties, and with the consent of the defendant, the Court enters this order vacating the preliminary hearing date of September 13, 2006, setting a new preliminary hearing date on November 15, 2006, at 9:30 a.m. before the duty magistrate judge, extending the time for the preliminary hearing under Federal Rule of Criminal Procedure 5.1, and extending the 30-day time period for indictment and excluding time under the Speedy Trial Act from September 13, 2006 to November 15, 2006.   The parties agree, and the Court finds and holds, as follows:

   1. Rader has been released on a personal recognizance bond.  The complaint charges him with conspiracy to distribute or possess with the intent to distribute 3,4 methylenedioxymethamphetamine (MDMA) in violation of 21 U.S.C. § 846.  It also charges him with a phone count in violation of 21 U.S.C. § 843(b).  The case is related to a wiretap investigation that resulted in a 15-defendant indictment in case number CR 05 00491 VRW.  The

1  wiretap involves 30,000 intercepted calls and 8,000 pertinent calls.  About one-third of the
2  pertinent calls are in Russian.   Time has been excluded in that case based on the amount of
3  discovery and defense counsel's need to effectively prepare the case.
4      2. Counsel for Rader is reviewing the evidence to determine whether a pre-charge
5  disposition is appropriate.  Only after evaluating the evidence will counsel be in a position to
6  evaluate what disposition is an appropriate one.  He also believes it is his best interest to
7  negotiate the case pre-indictment, and he cannot do that without evaluating the evidence.
8      3.  Taking into the account the public interest in the prompt disposition of criminal cases,
9  these grounds are good cause for extending the time limits for a preliminary hearing under
10 Federal Rule of Criminal Procedure 5.1 and for extending the 30-day time period for indictment
11 and excluding time under the Speedy Trial Act.  Failure to grant the continuance would deny
12 defense counsel the reasonable time necessary for effective preparation, taking into account the
13 exercise of due diligence.  18 U.S.C. § 3161(h)(8)(B)(iv).  The Court also finds that the ends of
14 justice served by excluding the period from September 13, 2006 to November 15, 2006 outweigh
15 the best interest of the public and the defendant in a speedy trial.  Id. § 3161(h)(A).
16     4.  Accordingly, and with the consent of the defendant, the Court (1) vacates the September
17 13, 2006, preliminary hearing date and sets a preliminary hearing date before the duty magistrate
18 judge on November 15, 2006 at 9:30 a.m., and (2) orders that the period from September 13,
19 2006 to November 15, 2006 be excluded from the time period for preliminary hearings under
20 Federal Rule of Criminal Procedure 5.1 and from Speedy Trial Act calculations under 18 U.S.C.
21 § 3161(h)(8)(A) & (B)(iv).
22 STIPULATED:
23 DATED: September 11, 2006          /s/
                                    LEWIS ROMERO
24                                  Attorney for MICHAEL RADER

25 DATED: September 11, 2006          _____
                                    LAUREL BEELER
26                                  Assistant United States Attorney

27 IT IS SO ORDERED.
   DATED: September 13, 2006
28                                  _____
                                    United States Magistrate Judge

   *IT IS SO ORDERED*
   /s/ James Larson
   Judge James Larson

ORDER DOCUMENTING WAIVER (3-05-70967 EDL)